**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 3:08-cr-00094 (VAB) |
| | : | |
| OLVIN MELVIN MUNOZ, | : | |
|    Defendant. | : | |

**RULING GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**

On September 28, 2011, this Court sentenced Defendant Olvin Melvin Munoz to a term of 135 months' imprisonment and 5 years' supervised release following his conviction by guilty plea of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).  Minute Entry, ECF No. 1030; Judgment as to Olvin Melvin Munoz, ECF No. 1032.  He now has filed a Motion for Re-sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 944(u), U.S.S.G. §1B1.10, ECF No. 1117.  For the following reasons, his motion is **GRANTED**.

Under section 3582(c)(2) of title 18 of the United States Code, "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence.  Upon such motion, a district court must follow a "two-step approach."  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

> At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'  []  "At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case."  []

1

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (alterations in original) (citations omitted).  The decision to reduce a sentence under an amended Guidelines provision, as well as to what extent, is at the discretion of the sentencing court.  *See United States v. Thomas*, 361 F. App'x 174, 175 (2d Cir. 2010) ("Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that defendant's term of imprisonment.")

Mr. Munoz contends, and the Government and Probation Office both agree, that he is eligible for a reduction under section 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  Def.'s Mot. ¶ 5, ECF No. 1117; Gov't. Resp. 1, ECF No. 1120; Sentencing Recommendation, ECF No. 1119; Amendment 782 Addendum to Presentence Report, ECF No. 1118.  Amendment 782, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in the Sentencing Guidelines section 2D1.1 and made parallel changes to section 2D1.11.  At the time of Mr. Munoz's sentencing, his total offense level was computed to be 31, factoring in a base offense level at the time of 32 for a quantity of cocaine between 5 and 15 kilograms, a 2-level increase for his role, and a 3-level decrease for his acceptance of responsibility.  It was also found that Mr. Munoz had a Category III criminal history, based on two prior convictions in New York and New Jersey.  Under the amended Sentencing Guidelines, the base offense level applicable to the amount of cocaine involved in Mr. Munoz's case is 30 under section 2D1.1(c)(5), resulting in a total offense level of 29 after factoring in the same adjustments and an amended Guidelines range of 108 to 135 months.

Because it is undisputed that Mr. Munoz is eligible for resentencing under Amendment 782, the Court may proceed to step two.  Factors the Court must consider in determine whether

and to what extent the sentence should be reduced include those listed in section 3553(a) as well as post-conviction conduct and any public safety concerns.  U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (2014); s*ee also United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) ("[A]n inmate's conduct while in prison is a relevant factor for a district court to consider on resentencing.").  Section 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [ ] to reflect the seriousness of the offense, [ ] to afford adequate deterrence to criminal conduct, [ ] to protect the public from further crimes of the defendant, and [ ] to provide the defendant with needed [ ] training, medical care or other correctional treatment [ ]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for [ ] the applicable category of offense committed" and the applicable category of defendant; "(5) any pertinent policy statement [ ] issued by the Sentencing Commission…; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." Under section 1B1.10(b)(2)(A) of the Sentencing Guidelines, in re-sentencing an inmate based on an amendment to the Guidelines, the Court does not have discretion to reduce the sentence below the amended Guideline range or below 108 months in Mr. Munoz's case.  U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.3 (2014).

     Mr. Munoz has committed two disciplinary infractions while incarcerated, possession of a hazardous tool and violating visiting regulations.  Inmate Skills Development Plan 3, ECF No. 1138-1.  The Government takes the position, and the Court agrees, that these disciplinary infractions should not preclude Mr. Munoz from receiving a sentence reduction.  Gov't. Resp. 2, ECF No. 1120.  Moreover, neither the Government nor Probation indicates that he presents any

public safety concerns.  Gov't. Resp. 2, ECF No. 1120; Amendment 782 Addendum to Presentence Report 1, ECF No. 1118.  As suggested in the Presentence Report, Mr. Munoz has used his time in prison productively by taking courses on various topics and working at various in-prison jobs on a relatively consistent basis since he was sentenced.  Inmate Skills Development Plan 2-3, ECF No. 1138-1.

Given all of these factors, the Court finds that reducing Mr. Munoz's sentence is consistent with the purpose of Amendment 782, which reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction would be a "an appropriate step toward alleviating" "the significant overcapacity and costs" of federal prisons.  U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).  Because Mr. Munoz's original sentence was at the bottom of the applicable guideline range, his term of imprisonment will be reduced to the bottom of the revised guideline range, 108 months, and all other aspects of the original sentence shall remain in effect.

Accordingly, Mr. Munoz's Motion, ECF No. 1117, for a reduction in sentence is **GRANTED**, and effective November 1, 2015, his term of imprisonment is reduced to 108 months.[1]  All other aspects of the original sentence shall remain in effect.

                                  IT IS SO ORDERED.

                                  /s/ Victor Allen Bolden
                                Victor A. Bolden, U.S.D.J.

Dated at Bridgeport, Connecticut, this 27th day of May, 2015.

---

[1] Sentencing Guidelines section 1B1.10(e) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  An application note to the Guidelines explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. §3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later."  U.S. Sentencing Guidelines Manual §1B1.10 cmt. n. 6 (2014).